Thomas Allaman seised in Fee of 700 A. of Land died Intestate leaving Issue Judith a Dau’r by his first Wife and by his 2d Wife 3 Sons John, Thos. & W’m
John & Thos. both died under Age with’t Issue
W’m entered & was seised & died seised in 1732. leaving a Wife Thos. a Son & Sara a Daughter.
After his Death his Wid’o cont’d in Possion & marr’d John Tabb by whom she had Issue Humphry Toy Tabb
Thos. the Son of W’m died soon after his Fa’r under Age & with’t Issue Sara died in 1741. with’t Issue being ab’tl 2 Years old Tabb & his Wife being in Possion sued out an Escheat Warr’t in Order to obtain a Grant of the Land either to the Wife as *B360 being in Possion or to their Son H. T. Tabb Bro’r .of the half Blood to Sara
An Inquisition has been taken & returned Judith the Dau’r of Tho’s Allaman the Grandfa’r enters a Caveat She is Aunt of the half Blood on the Fathers Side to Sara
Since the Inquisition Tabb & his Wife are both dead I app’r for their Son the Bro’r of the half Blood And the Question is Wheth’r Yo’r Hon’r will order a Grant to him Or to the Aunt of the half Blood.
They are both equally excluded from the Succession by the Rules & Maxims of Law concerning Descents I presume therefore Yo’r Hon’r will consider this Case abstracted from those Rules & favour that Party whose Pretensions are best supported by Reason Equity & natural Justice
The Aunts’ Equity is founded solely in this that the Inheritance came originally from the Allamans And she being one ought to be preferred to my Client who is only a Bro’r of the half Blood by the Mother’s Side & not of the Blood of the Allamans
This at first View may seem an Argum’t of some Weight but when closely consid’d it will app’r to have little Foundation in the Reason of things & strict natural Justice Its whole Weight & Force if I mistake not take its Rise from the Rules of Law concerning Descents It is a Rule in the Law of Descents that an Inheritance coming from the Fa’r shall never resort to the Line of the Mother but shall rather escheat
This Rule is in a Manner peculiar to the Law of England I cannot say it is absolutely so because I have read that in some of the Provinces of France w’ch are governed by their own particular Customs the same Rule obtains But it is not the public or general Law of the Kingdom Neither is it an Institution of the Roman or Civil Law Of the Jewish or Grecian Laws or any other Laws that ever I read of
It is very certain Mankind are generally preposses’d in Fav’r of the Laws of their Country And are apt to think them the most agreable to Nature & Reason But I humbly appr that the Rule we are speaking of is a meer arbitrary Institution not founded on the Reason of Things or natural Equity & Justice [332] For where is the Reason that a very remote Relation on the Father’s Side sho’d be preferred to a very near Relation on the Mothers Nay that the Land shall rather escheat than come to such near Relation The Law of Nature calls the nearest Relations to the *B361 Succession for this Reason that Men are bound by the Laws of Society to provide for them in the first Place And the Presumption is that there is the greatest Affection towards them Every Law then that excludes the nearer Relatives in Fav’r of the more remote is in my humble Opinion contrary to the Law of Nature & Reason
I have sayed thus much Sir in hopes it may serve to prove w’t I at first advanced that our Adversarys Pretensions are not founded in the Reason of Things & natural Justice but take their whole Force from a Rule of Law cone Descents w’ch I apprehend has nothing to do in the present Question. Nor prove any Thing as to the Reason & Equity of the Thing for tho’ these Rules ought to be strictly adhered to in Courts of Judicature where the Judges are bound by an Oath to determine according to Law Yet where a Matter is left at large to the Will of the Prince or of those who act under him I humbly conceive the Law of Nature & Reason is the best Guide to foil
This Sir is the Ans’r I give to the Pretensions of our Adversary I will now beg Leave to say a Word of the Equity on our Side
And first, I appr. that as we are in Possion & have made the first Applica. We are intitled to a Grant by the Charter granted to this Country the 18. Car. 2. The Words of the Charter are
“ All Lands possed by any Subj. inhabiting in Virg’a w’ch is “ escheated or shall escheat shall & may be enjoyed by such “ Inhabitant & Possessor his Pleirs & Ass. forever paying 2 lb “ Tob’o for every Acre
I can’t say how this Charter may have been construed But it seems plain to me that the Intent was that the Possessor of any Land escheated sho’d be preferr’d to a Grant of it How else can the Words be satisf’d “ All Lands possed w’ch shall escheat shall & may be enjoyed by such Possessor ” If this was not the Intent of the Charter I sho’d be glad to know w’t the Use of the Clause was or if those Words “ Lands that shall escheat ”
I shall submit this Point to Yo’r Hon’rs I thought it my Duty to urge this Matter for my Client And the rather as I have not known any Determination of the kind
But if this will not prevail Then I humbly contend that We are the nearest Relation a Bro’r of the half Blood And on that Acco’t have the best Title to be preferred It will scarce I presume be disputed but that a half Bro’r is a nearer Relation than a half Aunt If then the Rules of Law cone Descents & the *B362 Argum’ts deducible from thence are out of the Question as I conceive they are I do humbly contend that by the Law of Nature we have the best Right to succeed
There is no Law I believe except the Law of England that absolutely excludes the half Blood from the Succession And I [333] believe it would puzzle a Man to assign any one tolerable Reason why it should be so I mean in the Reason & Nature of Things
The Roman or Civil Law is certainly much more equitable w’ch allows Brothers of the half Blood to succeed in the second Place that is where there are none of the whole And in collateral Descents makes no Distinction betw. the whole & half Blood.
1. Domat 684 Hist. Com. Law. 214.
The Jewish Law makes no Distinction between the whole & half Blood Nor do I remember to have read of any such Distintion in any of the Grecian Laws
The Roman Law is ail’d to be the most equitable Law in the World And I presume will be thought no bad Guide to follow
Besides it is plain that there is no other Foundation for the Difference betw. that & the Law of Engl’d but the Rule cone. Descents for even by our Law in the Succession to Chattels no Diff. is made betw. the whole & half Blood
Upon the whole I rely first upon the Charter We are in Possession & made the first Appl.
2. That if we are excluded by the Rules of Law So are they And then as we are the nearest Relation We have the best Title to be preferred.
3. We sho’d even succeed by the Roman Law And as that is y’e best Pattern of natural Equity & Justice I hope it will be a good Rule for Yo’r Hon’rs to follow
The Reason why the Laws prefer the nearest Relations is from a Presumption that the Intestate would have done so if she had made a Will If this Arg’t is to weigh there can be little Doubt but that a pson wo’d rather prefer a Bro’r of the half Blood than an Aunt
I only add that we have some Equity in Applying first & having been at the Expence of an Inquest &c.
Our Rules of Descent are meer arbitrary Institutions not founded on the Reason of Things or natural Justice And had no better Foundation perhaps than Accident or the humours *B363 or Designs of particular Men They are not the Subj. of any written Law but have been introduced by Custom & Usage & have undergone various Alterations as app’rs from Sr. M. Hale Hist. Law.
[Barradall proper (Law Library Copy) apparently ends here. The pages that follow are in a different handwriting, and the editor will be better able than I am to determine their relation to Barradall’s Reports. To me they seem to be the opinions of the persons who signed them.- — -W. W Scott.]
The pages follow’g are in a different hand, and horribly misspelled throughout —'W. W. s.l